UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TENGIM DONATUS CHAFIE,
Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-4624-CAB-MMP

**ORDER:**
**(1) DENYING AMENDED PETITION FOR A WRIT OF HABEAS CORPUS, [Doc. No. 8]; and**

**(2) DENYING MOTION TO STAY REMOVAL, [Doc. No. 10].**

Pending before the Court is Petitioner Tengim Donatus Chafie's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 8 ("Amended Petition").] The Court previously denied Petitioner's original Petition because he was subject to a final order of removal as of August 10, 2026 and thus lawfully detained within the removal period pursuant to 8 U.S.C. § 1231(a). [Doc. No. 6 (denying petition on September 3, 2026).]

The Amended Petition argues that Petitioner's formerly untimely appeal to the Board of Immigration Appeals ("BIA") had been "cured" and he therefore was not subject to detention under 8 U.S.C. § 1231(a). [Amended Petition at 2.] The Amended Petition does not, however, attach any evidence of an accepted BIA appeal. Respondents state that

after the BIA rejected Petitioner's appeal he "attempted to file a corrected notice of appeal on August 31, 2026" but that "[o]n September 23, 2026, the [BIA] deemed the filing untimely and summarily dismissed the appeal." [Doc. No. 11 at 2.] The Court thus agrees with Respondents that Petitioner remains subject to a final order of removal and is therefore detained under § 1231(a). Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner's presumptively reasonable 6-month period for removal ends on February 10, 2026.[1] *See id.* at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). Because Petitioner is still well within the 6-month *Zadvydas* period the Court **DENIES** the Amended Petition.

It is **SO ORDERED**.

Dated: November 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] To the extent Petitioner argues that the Court must consider his detention *prior* to his final order of removal, his argument is without any cited authority. *See Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(1)(B)(i).